No. 23-7283

IN THE

**UNITED STATES COURTS OF APPEALS**

**FOR THE SECOND CIRCUIT**

JAMES F. PELCZAR,

Plaintiff-Appellant,

v.

DOREEN M. PELCZAR,
PETER V. MAIMONE, ESQ.,
ALBERT MAIMONE & ASSOCIATES P.C.

Defendants-Appellees

On Appeal from the United States District Court
for the Eastern District of New York
Hon. Ann M. Donnelly
Case No. 18-cv-6887

**Brief of Appellant James F. Pelczar**
James F. Pelczar, *Pro Se*
7415 Holly Lake Lane
New Port Richey, FL 34653
Telephone: 352-238-6012
Email: pelczar.jim@gmail.com

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES…………………………………………………3

STATUTES……………………………………………..……………….4

JURISDICTIONAL STATEMENT……………………………………...5

STATEMENT OF THE ISSUES…………………………………………...5

STATEMENT OF THE CASE…………………………………………..6

STATEMENT OF THE FACTS………………………………………...7

SUMMARY OF THE ARGUMENT………………………………………16

ARGUMENT……………………………………………………………17

CONCLUSION……………………………………………………37

CERTIFICATE OF COMPLIANCE………………………………………38

# TABLE OF AUTHORITIES

**Cases:**                                                        **Page**

*In re Cadarette*
601 F.2d 648, 651 (2d Cir. 1979)…………………………………………..26

*Doe v. New York City Dep't of Soc. Servs.*,
709 F.2d 782, 789 (2d Cir. 1983)…………………………………………..18

*In re Freudmann*
362 F.Supp. 429, 433 (S.D.N.Y. 1973) 495 F.2d 816 (2d Cir. 1974)……34

*Haggerty v. Ciarelli & Dempsey*,
374 F. App'x 92, 94 (2d Cir. 2010)……………………………………….27

*IKB Int'l S.A. v. Bank of Am. Corp.*,
584 F. App' x 26, 27 (2d Cir. 2014)……………………………………….25

*In re Kaiser*
722 F. 2d 1574-83 (2d Cir. 1983)……………………………………….21

*Miller et. al. v. Hale*……………………………………………………….24

*Olivieri v. Olivieri*…………………………………………………………24

*Passiglia v. Northwell Health Inc.*
252 F. Supp. 3d 129 (E.D.N.Y. 2017)……………………………....34, 35
.
*Pillars v. GM LLC*
957 F.3d 357, 360 (2d Cir. 2020)……………………………………….18

*Roberts v. Babkiewicz*
582 F.3d 418, 419 (2d Cir. 2009)…………………………………17, 18, 33

*In re Saphire*
139 F.2d 34, 35 (2d Cir. 1943)……………………………………………34

*Schaifer Nance & Co. v. Estate of Warhol*
119 F. 3d 91, 98 (2d Cir. 1997)……………………………………………28

*Selimovic v. S. Side Assocs. LLC,*
No. 16-CV-298, 2020 WL 2522117, at *3 (E.D.N.Y. May 18, 2020)……..27

*Sellers v. M.C. Floor Crafters, Inc.*
842 F.2d 639, 642 (2d Cir. 1988)…………………………………………17, 32

*Sheppard v. Beerman*
18 F.3d 147, 150 (2d Cir. 1994)……………………………………………17

*United States v. Cirami,*
563 F.2d 26, 33 n. 6 (2d Cir. 1977)………………………………………...19, 22

*United States v. Uccio*
940 F.2d 753, 757 (2d Cir. 1991)…………………………………………19, 22

## **STATUTES**

E.P.T.L……………………………………………………………………30

F.R.C.P 12(c)……………………………………………………………6, 7

F.R.C.P. 7………………………………………………………………13, 14, 18

I.R.S. TITLE 26………………………………………………………….....30

LOCAL RULE 7.1………………………………………………………...33

28 U.S.C. 1291, 1332, 1391……………………………………………….5

## JURISDICTIONAL STATEMENT

The United States District Court Eastern District of New York (the "District Court") had jurisdiction over this action under 28 U.S.C. §1332 (a) (1) and 28 U.S.C. §1391. I am a citizen of Florida. The defendants in this are citizens of the State of New York. In addition, the amount in controversy exceeds the amount of $75,000.00, exclusive of interests and costs.

This Honorable Court has jurisdiction over this appeal under 28 U.S.C. §1291.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I.  Did the district court err in granting the Maimone Appellees' premature motion, even though Maimone Appellees motion failed to clearly establish that no material issue of fact remains to be resolved, as said Appellees denied all of my material facts and had eighteen affirmative defenses?

II.  Did the Judge Ann M. Donnelly err in ruling in favor of the Appellees, when in doing so she violated the law-of-the-case doctrine?

III. Did the district court err in dismissing my complaint with prejudice because, according to Judge Ann M. Donnelly, my legal claim to the Whitestone Trust Property extinguished when my father died and because I failed to demonstrate a plausible claim for reliance?

IV.  Did the district court err in ruling in Appellee Doreen M. Pelczar's favor,

even though Doreen M. Pelczar never filed a proper Fed. R. Civ. P. Rule 12(c) motion?

V.   Did the district court err in dismissing my complaint with prejudice for not pleading particular facts as to how I was damaged?

## STATEMENT OF THE CASE

My claims remained consistent with the gravamen of the claims that this Honorable Court framed in its Mandate issued on November 24, 2020: *"that Doreen M. Pelczar, Peter V. Maimone, and ALBERT MAIMONE & ASSOCIATES P.C. committed fraud by presenting the Whitestone Trust Property as estate property when completing the executor's deed without the attorney of record signature and because there was no court order transferring the irrevocable trust property to the estate and damages from the defendants for their alleged fraud"* (Dist. Ct. Doc. No. 35). On remand, this case went off the rails because of violations of the procedural rules that govern Federal Rules of Civil Procedure Rule 12(c) and violations of the law-of-the-case doctrine, which has led to perverse incentives and unfair outcomes.

On February 9, 2023, Peter V. Maimone ("Mr. Maimone") filed a premature motion for judgment on the pleadings (Dist. Ct. Doc. No. 79). On February 10, 2023, Doreen M. Pelczar ("Doreen") filed a defective,

incomplete, and premature motion for judgment on the pleadings (Dist. Ct. Doc. No. 80). On September 22, 2023, Judge Ann M. Donnelly issued a Final Order granting Mr. Maimone's premature Fed. R. Civ. P. Rule 12(c) motion and Doreen's defective, incomplete, and premature Fed. R. Civ. P. Rule 12(c) motion (Dist. Ct. Doc. No. 89). On October 4, 2023, I filed a timely Notice of Appeal (Dist. Ct. Doc. No. 91).

## **STATEMENT OF FACTS**

1.     On September 24, 1957, my parents, Josephine C. Pelczar and Alfred S. Pelczar, purchased the Whitestone Property located at 7-22 151st Place, Whitestone, NY 11357. They jointly owned the Whitestone Property from 1957 until 1997 (District Ct. Doc. 44 Exhibit 1).

2.     On March 19, 1997, after jointly owning the Whitestone Property, my parents, Josephine C. Pelczar and Alfred S. Pelczar, relinquished ownership and control of said property and transferred said property into an Irrevocable Trust, called the Alfred S. Pelczar and Josephine C. Pelczar Irrevocable Trust 1997 (Dist. Ct. Doc. 44 Exhibit 2).

3.     The New York City Department of Finance issues property tax statements on a quarterly basis to home owners. In addition, the City of New York issues yearly assessment rolls to homeowners. Alfred S. Pelczar name was never on any such tax bills, issued by the State of New York, as the owner of the Whitestone Property located at 7-22 151st Place, Whitestone, NY, 11357, Reel: 4583 page 489; Block: 4523, Lot: 36. I was one of the owners

listed on said New York tax bills during the time Alfred S. Pelczar was alive and after he died on February 8, 2014.

4.     The aforementioned tax bills and assessment rolls are vital because the New York Senate created the following Tax Law Legislation under section 982 of the Tax Law: *"... it shall be a lien upon all property includible in the New York gross estate of the decedent for fifteen years from the date of death of the decedent, except that such part of the New York gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien..."* There was never a lien placed on Whitestone Property located at 7-22 151st Place, Whitestone, NY, 11357, Reel: 4583 page 489; Block: 4523, Lot: 36 .

5.     Appellant Peter V. Maimone ("Mr. Maimone") drafted Alfred S. Pelczar's Wills. The second Will was executed on January 24, 2013, nearly sixteen years after my parents, Alfred S. Pelczar and Josephine C. Pelczar relinquished control and ownership of the Whitestone Property, which is adeemption by extinction.

6.     In 2014, Doreen M. Pelczar ("Doreen") initiated probate proceedings. Doreen filed the probate petition on March 5, 2014. (Dist. Ct. Doc. No. 44 Ex. 11). Mr. Maimone certified and notarized said probate petition. Doreen and Mr. Maimone failed to disclosed in said probate petition the fact that there was a recorded deed regarding the Whitestone Trust Property that had me listed as

an owner, the party of the second part to have and to hold forever and had Alfred Pelczar and Josephine Pelczar listed as the party of the first part relinquishing all ownership interests to the party of the second part (Dist. Ct. Doc. No. 44 Ex. 2).

7.      May 28, 2014, Mr. Maimone certified, notarized, and filed Doreen's Notice of Probate application. Doreen and Mr. Maimone never disclosed the status of the Deed regarding the Whitestone Trust Property (District Ct. Doc. 44 Ex. 12).

8.      I objected to probate, and as a result, Mr. Maimone informed me and the court that he will recuse himself because he drafted Alfred S. Pelczar Wills and would have been one of my main witnesses. Mr. Maimone introduced attorney Louis M. Laurino ("Mr. Laurino") to Doreen, and Mr. Laurino became the attorney of record in the Queens Surrogates Court (*See* Dist. Ct. Doc. No. 54 page 2 of Judge Ann M. Donnelly's September 9, 2019 Order, which states: ***"Louis M. Laurino represented Mrs. Pelczar in the probate action after Mr. Maimone recused himself."***).

9.      I registered with the NYC Department of Finance's Recorded Document Notification Program, called ACRIS. This service notifies homeowners whenever there is a fraudulent deed conveyance related to their property. On October 17, 2016, I received a notification from ACRIS that there was a conveyance against the Whitestone Trust Property (District Ct. Doc. No. 44 Ex. 27).

10.    On December 4, 2018, I filed a complaint pursuant to Article 15 of the Real Property Actions and Proceedings Law (RPAPL) to compel the determination of claims to real property located at 7-22 151st Place, Whitestone, NY 11357 and for fraudulent misrepresentation.

11.    Defendants moved to dismiss the action on the grounds of probate exception, rooker-feldman, failure to state a claim, attorney immunity, and res judicata. On September 9, 2019, District Judge Ann M. Donnelly issued a Memorandum Decision and Order granting Defendants' motion, based on the probate exception, to dismiss my claims with leave to file an amended complaint.

12.    On September 20, 2019, I filed a Rule 60(a)(b) motion based on Rule 60(a)(b)(3) and Rule 60(a)(b)(6). On January 24, 2020, Judge Ann M. Donnelly, issued her Memorandum Decision and Order on my Rule 60 motion, denying it based on the probate exception. I filed a timely amended notice of appeal.

13.    I elected to conduct Oral Arguments at the Second Circuit, but the Defendants never elected to conduct Oral Arguments. As a result, I conducted an unopposed oral argument on October 29, 2020. On November 3, 2020, in an unanimous decision, the Second Circuit affirmed in part, vacated in part, and remanded the case for further proceedings consistent with its Order. On November 24, 2020, the Second Circuit issued its Mandate.

14.    On March 24, 2021, I filed a Motion to Compel discovery (Dist. Ct.

Doc. No. 41).

15.   On April 14, 2021, the court issued an order denying my motion to compel discovery.

16.   On May 17, 2021, I filed my amended Complaint (Dist. Ct. Doc. No. 44).

17.   On June 18, 2021, Doreen filed her motion to dismiss my amended Complaint (Dist. Ct. Doc. No. 47).

18.   On July 19, 2021, Mr. Maimone filed a motion to dismiss my amended Complaint under F.R.C.P. Rule 12(b)(6) (Dist. Ct. Doc. No. 51).

19.   On September 13, 2021, I filed a Response in Opposition to Mr. Maimone and Doreen's motions to dismiss my amended Complaint (Dist. Ct. Doc. No. 57).

20.   On October 6, 2021, Mr. Maimone filed in Reply to my Response in Opposition (Dist. Ct. Doc. No. 58).

21.   On February 24, 2022, Judge Ann M. Donnelly issued an Order dismissing Doreen and Maimone's motions to dismiss my amended Complaint (Dist. Ct. Doc. No. 63).

22.   On March 25, 2022, in response to Judge Donnelly denying his motion to dismiss, Mr. Maimone filed a Notice of Appeal.

23.   On March 29, 2022, attorney Jessica M. Baquet filed a notice of appearance on behalf of Mr. Maimone (Dist. Ct. Doc. No. 66).

24.   On March 30, 2022, Mr. Maimone's attorney Jessica M. Baquet ("Mrs.

Baquet") filed a motion for extension of time to answer my amended Complaint (Dist. Ct. Doc. No. 69).

25.    On April 5, 2022, this Honorable Court issued its Mandate regarding Mr. Maimone's appeal, stating that Mr. Maimone voluntarily dismissed his appeal with prejudice (Dist. Ct. Doc. No. 70).

26.    On April 27, 2022, John G. Farinacci filed a notice of appearance on behalf of Mr. Maimone (Dist. Ct. Doc. No. 73).

27.    On November 16, 2022, Judge Donnelly issued an order granting Mrs. Baquet's motion for extension of time. In her motion, Judge Donnelly ordered Defendants to file their answers to my amended Complaint by December 15, 2022 and to file a joint status report by December 21, 2022 informing the court how the parties wish to proceed and whether the defendants will file a motion for judgment on the pleadings, even though the pleadings are far from being closed (Dist. Ct. Doc. Date Nov. 16, 2022).

28.    On November 21, 2022, Doreen filed her answer to my amended Complaint, in which she denied all genuine issues of material fact.

29.    On December 15, 2022, John G. Farinacci filed a Notice of Consent to Change Attorney application, as his law firm was replaced with Mr. Maimone's law firm as the representative (Dist. Ct. Doc. No. 75).

30.    Also on December 15, 2022, Mr. Maimone filed his answer to my amended Complaint, in which he denied all genuine issues of material facts, included a counterclaim, and included eighteen affirmative defenses (Dist. Ct.

Doc. No. 76).

31.    On December 20, 2022, all parties filed their status reports pursuant to Judge Donnelly's Dist. Ct. Doc. Date Nov. 16, 2022 Order. My status report was based on F.R.C.P Rule 26(f). Doreen and Mr. Maimone's status reports, however, informed the court that they will be filing motion for judgment on the pleadings, even though in Doreen and Maimone's answers to my amended Complaint, they denied all genuine issues of material facts, included a counterclaim, and included eighteen affirmative defenses (Dist. Ct. Doc. No. 77).    On December 27, 2022, I filed a Rule 12(b)(6) motion to dismiss Mr. Maimone's counterclaim (Dist. Ct. Doc. No. 78).

32.    On January 10, 2023, Judge Donnelly issued scheduling orders. Her first scheduling order stated: ***The Court is in receipt of [77] the parties' joint status report. The defendants have until February 10, 2023 to file their motion for judgment on the pleadings. The plaintiff's opposition, if any, must be filed by March 10, 2023. The defendants' reply, if any, must be filed by March 24, 2023.The parties should direct any discovery disputes to Magistrate Judge Bloom.*** (Dist. Ct. Doc. Date January 10, 2023). Judge Donnelly's second order stated: ***"The Court has received the plaintiff's [78] motion to dismiss the defendants' counterclaims. The defendants' opposition, if any, must be filed by February 17, 2023, and the plaintiff's reply, if any, must be filed by March 3, 2023.*** (Dist. Ct. Doc. Date January 10, 2023). Federal Rules of Civil Procedure Rule 7, *Pleadings Allowed,* states: *"(a)*

*Pleadings. Only these pleadings are allowed:*

*(1) a complaint;*

*(2) an answer to a complaint;*

*(3) an answer to a counterclaim..."*

33.    On February 9, 2023, Mr. Maimone filed his motion for judgment on the pleadings, even though he denied all genuine issues of material facts and had eighteen affirmative defenses, and the pleadings were not closed (Dist. Ct. Doc. No. 79).

34.    On February 10, 2023, Doreen filed a notice of motion and an affidavit with exhibits A-D. Doreen never included a Memorandum in Support of her F.R.C.P. Rule 12(c) motion. Local Rule 7.1, *MOTION PAPERS*, states: *"...all motions shall include the following motion papers:...(2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined..."*

Doreen's lawyer, Max Leifer, stated in his notice of motion that his memorandum of law was attached, it was never attached (Dist. Ct. Doc. No. 80).

35.    On February 17, 2023, Mr. Maimone filed a memorandum in opposition to my motion to dismiss his counterclaim, eight days after filing his premature Rule 12(c) motion (Dist. Ct. Doc. No. 82).

36.    On February 28, 2023, I filed a memorandum in opposition to Mr.

Maimone's judgment on the pleadings, in which I informed Judge Ann Donnelly about the following: *"...Even though I haven't filed my reply in opposition to the Maimone Defendants opposition to my motion to dismiss their counterclaims, which demonstrates that the pleadings are not closed, I am writing this opposition to Maimone Defendants' motion for judgment on the pleadings."* (Dist. Ct. Doc. No. 83 pg. 5).

37.     On March 20, 2023, I filed another motion to compel Doreen and Mr. Maimone to participate in a Rule 26(f) conference, as Judge Donnelly stated in her Dist. Ct. Doc. Date January 10, 2023 Order that all discovery issues should be addressed to the Magistrate Judge (Dist. Ct. Doc. No. 84).

38.     On March 22, 2023, Doreen filed a Notice Letter opposing my motion to compel, praying that the court postpone all discovery (Dist. Ct. Doc No. 85).

39.     On March 24, 2023, Mr. Maimone filed a reply to my response in opposition to his motion for judgment on the pleadings ((Dist. Ct. Doc. No. 86).

40.     On August 4, 2023 Judge Donnelly filed a scheduling order stating the following: *"The plaintiff is directed to file a letter by August 11, 2023, not to exceed two pages, clearly articulating the damages he sustained as a result of the defendants' alleged misrepresentations. The defendant's reply, if any, is due August 18, 2023."* (Dist. Ct. Doc. Date August 4, 2023)

41.     On August 10, 2023, I filed the aforementioned 2 page letter articulating

damages I sustained as a result of Doreen and Mr. Maimone's misrepresentations.

42.    Judge Donnelly never ruled on my pending opposition motion to Mr. Maimone's Rule 12(c) motion for judgment on the pleadings (Dist. Ct. Doc. No. 83). Instead, Judge Donnelly, granted Mr. Maimone's 12(c) motion and Doreen's defective, incomplete 12(c) motion, dismissing my amended Complaint with prejudice.

43.    On October 4, 2023, I filed a timely Appeal of Judge Donnelly Final Order dismissing my amended Complaint with prejudice (Dist. Ct. Doc. No. 91 and 92).

44.    Doreen failed to file a notice of appearance in this current appeals action.

## SUMMARY OF THE ARGUMENT

45.    I am back in this Honorable venue after three years. At that time, Doreen and Mr. Maimone had used diversions and smoke screen defenses, such as probate exception, etc., in an attempt to prevent the unveiling of their fraudulent acts. Doreen and Mr. Maimone continue to violate all general rules and binding case laws governing F.R.C.P. Rule 12(c) with impunity. In addition, they have fashioned a new narrative, an innocent-mistake defense, to cover up and bury their badges of fraud. This Honorable Court issued its Mandate over three years ago on November 24, 2020, which framed the issues that must be consistent with said Mandate. The framed issues on remand were:

*"that Doreen M. Pelczar, Peter V. Maimone, and ALBERT MAIMONE & ASSOCIATES P.C. committed fraud by presenting the Whitestone Trust Property as estate property when completing the executor's deed without the attorney of record signature and because there was no court order transferring the irrevocable trust property to the estate and damages from the defendants for their alleged fraud"* (Dist. Ct. Doc. No. 35).

By granting Doreen and Mr. Maimone's motions, Judge Donnelly not only ignored the federal rules governing Rule 12(c) motions, but the facts and cited evidence in the record will show that Judge Donnelly violated the law-of-the-case doctrine, which led to perverse incentives and unfair outcomes.

## **ARGUMENT**

## **FIRST ISSUE PRESENTED FOR REVIEW**

46.   Judgement on the pleadings is appropriate <u>only</u> where all material facts are undisputed and "a judgment on the merits is possible merely by considering the contents of the pleadings." *See Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir. 1988). In a judgment on the pleadings under Rule 12(c) we apply the same standard as that applicable to a motion under Rule 12(b)(6). "Under that test, a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). On a 12(c) motion, the court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz,* <u>582 F.3d 418, 419</u> (2d Cir. 2009).

47.     Federal Rules of Civil Procedure Rule 7, *Pleadings Allowed*, state: "**(a) Pleadings. Only these pleadings are allowed:**

> **(1) a complaint;**
>
> **(2) an answer to a complaint;**
>
> **(3) an answer to a counterclaim..."**

48.      As this Honorable Court stated in *Id. Sellers:* "Judgement on the pleadings is appropriate <u>only</u> where all material facts are undisputed," and stated in *Id. Roberts:* "On a 12(c) motion, the court considers "the complaint, the answer, any written documents attached to them..."

A close examination of Mr. Maimone's answer to my amended complaint clearly shows that he denied all genuine issues of material fact. In addition, Mr. Maimone included eighteen affirmative defenses. Mr. Maimone knew that because his answer to my amended Complaint disputed all material facts he decided to add the following footnote in his Rule 12(c) motion: *"As required by Fed. R. Civ. P. 12(c), the Maimone Defendants accept the facts alleged in the Amended Complaint as true solely for the purposes of this of this motion..."* (Dist. Ct. Doc. No. 79 pg 2). Again, Mr. Maimone continues to

violate federal rules and ignore binding case laws governing Rule 12(c) procedures, as nowhere in the federal rules or binding case laws does it allow a party to dispute all material facts in an answer to a complaint, and admit to all material facts in a footnote in a Rule 12(c) motion. Admitting to all of the material facts in my amended Complaint is admitting to representing trust property as estate property and using badges of fraud. This Honorable Court stated in *Pillars*: ***"A judicial admission 'is a statement made by a party or its counsel' regarding a fact that is binding on the admitting party throughout the case."*** (*See Pillars v. GM LLC (In re* Motors Liquidation Co.), 957 F.3d 357, 360 (2d Cir. 2020).

Moreover, Judge Donnelly failed to consider Mr. Maimone's answer to my amended Complaint because had she juxtaposed my amended pleadings with Mr. Maimone's answer to my amended pleadings, consistent with *Roberts v. Babkiewicz,* 582 F.3d 418, 419 (2d Cir. 2009), Judge Donnelly would have realized that granting a Rule 12(c) motion where all material facts are disputed is not appropriate.

## SECOND ISSUE PRESENTED FOR REVIEW

49.    The law of the case doctrine has two principal prongs. Under one, a court of appeals must usually adhere "to its own decision at an earlier stage of the litigation. *See Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (quoting *United States v. Cirami*, 563 F.2d 26, 33 n. 6 (2d Cir. 1977)). The other prong of the "law of the case" doctrine, commonly referred

to as the "mandate rule," describes the duty of the district court on remand. "When an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue. . . ." *Id. Cirami*, <u>563 F.2d at 32</u>

In addition, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *See United States v. Uccio*, 940 F.2d 753, 757 (2d Cir. 1991).

The first motions Doreen and Mr. Maimone filed against my amended Complaint were Rule 12(b)(6) motions. Doreen's so-called motion to dismiss is a letter, containing one short paragraph devoid of cited case laws. The paragraph states: ***"There cannot be a fraudulent transfer if the State Court ordered ownership to my client. Citing Rooker-Feldman doctrine, this Court cannot and should not allow this case to proceed. Therefore, we respectfully request a dismissal of this matter."*** (Dist. Ct. Doc. No. 47).

Mr. Maimone's Rule 12(b)(6) motion against my amended Complaint fares no better as Mr. Maimone stated that my fraud claim ***"is absurd and must be unequivocally dismissed."*** (Dist. Ct. Doc. No. 51 pgs. 4-5). Judge Donnelly correctly denied there baseless motions and stated the following regarding whether my amended Compliant stated a claim upon which relief can be granted: ***"...attorneys accused of fraud may be liable to third parties for the injuries that they cause...The defendants do not explain why Mr. Maimone's position as an associate means he cannot be personally***

*liable…The defendants also argue that there can be no fraud because the Surrogate's Court granted Ms. Pelczar the authority to transfer the Whitestone property…Ms. Pelczar adds that she relied on representations by the state court and her attorney, while Mr. Maimone and his firm maintain that they "played no role" in the transfer…The lawyer defendants further argue that the plaintiff does not establish "intent to defraud" because he does not explain the significance of filing, or failing to file, certain documents—an inventory of assets, release of lien, final accounting, affidavit of legal services and final settlement—with the Surrogate's Court…Finally, the lawyer defendants say that they owed no duty to the plaintiff."* (Dist. Ct. Doc. No. 63 pgs. 4-5).

Judge Donnelly continues with her reasoning in said order: *"Even if the Surrogate's Court permitted the transfer of the property, the plaintiff alleges that the defendants deceived that court by treating the Whitestone property as part of the father's estate. The plaintiff cites Ms. Pelczar's court filings, certified by Mr. Maimone, as proof that the defendants worked together to perpetrate a fraud on the Surrogate's Court. The existence of a scheme or the extent of the defendants' role in it are questions of fact which the Court cannot resolve on a motion to dismiss. The lawyer defendants cite no authority for their position that filing an allegedly fraudulent inventory of estate assets—one that includes the Whitestone property and lists Mr. Maimone as the executor's lawyer—cannot establish intent to defraud; nor*

*do they clarify how their duty to represent Ms. Pelczar means that they could not have defrauded the plaintiff..."* (Dist. Ct. Doc. No. 63 pgs. 5-6).

In addition, Judge Donnelly based her reasoning for denying Doreen and Mr. Maimone's motion to dismiss my amended Complaint on binding case law from this Honorable Court: *"The Second Circuit identified "certain badges of fraud," including " (1) the lack or inadequacy of consideration; the family or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question...(6) the general chronology of the events and transactions under inquiry."* (quoting *In re Kaiser* 722 F. 2d 1574-83 (2d Cir. 1983) (Dist. Ct. Doc. No. 63 pg. 5).

The badges of fraud in this action are the general chronology of events and transactions under inquiry that Donnelly uses to dispute Doreen and Mr. Maimone's motion to dismiss my amended Complaint.

Regarding the issue of whether my amended Compliant stated a claim under Rule 12(b)(6), Judge Donnelly ruled that is does and dismissed Doreen and Mr. Maimone's motions to dismiss my amended Complaint. In addition, Judge Donnelly stated in her Order: *"...The existence of a scheme or the extent of the defendants' role in it are questions of fact which the Court cannot resolve on a motion to dismiss...."* I expected to move forward with a Rule 26(f) conference to begin discovery, but that never happened. Judge Donnelly

failed to adhere to how she ruled on the issue of failure to state a claim in her Dist. Ct. Doc. No. 63 Order.

Judge Donnelly granted Mr. Maimone's Rule 12(c) motion for judgment on the pleadings and, unlike before, she stated that my amended Complaint failed to state a claim upon which relief can be granted. Judge Donnelly stated the following in her most recent Order: ***"The plaintiff has not satisfied Rule 9(b)'s heightened pleading standard…"*** (Dist. Ct. Doc. No. 89 pg. 6).

In Judge Donnely's prior ruling in my favor, she used a common law fraud standard, but in her Dist. Ct. Doc. No. 89 Order she uses a Rule 9(b) standard. My amended Complaint did not change from when Judge Donnelly ruled in my favor to when Mr. Maimone filed his Rule 12(c) motion. This Honorable Court made it clear that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *See United States v. Uccio*, 940 F.2d 753, 757 (2d Cir. 1991).

The other prong of the law of the case doctrine states: "When an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue. . . ." (*United States v. Cirami*, <u>563 F.2d 26, 33</u> n. 6 (2d Cir. 1977). Again, the framed issues on remand were: "*that Doreen M. Pelczar, Peter V. Maimone, and ALBERT MAIMONE & ASSOCIATES P.C. committed fraud by presenting the Whitestone Trust Property as estate property when completing the executor's deed without the attorney of record signature and because there*

*was no court order transferring the irrevocable trust property to the estate and damages from the defendants for their alleged fraud"* (Dist. Ct. Doc. No. 35).

In her recent Order, Judge Donnelly altered my issues as follows: ***"The plaintiff…has not established that the title to the Whitestone Property remained a trust asset, rather than vesting immediately in Doreen Pelczar upon Alfred Pelczar's death…"*** (Dist. Ct. Doc. No. 89). Judge Donnelly's interpretation of my claims are not consistent with this Honorable Court November 24, 2020 Mandate. My claim is not about establishing that the title to the Whitestone Trust Property remained a trust asset, rather than vesting immediately in Doreen upon Alfred's death. On the contrary, my claims are misrepresenting trust property as estate property when completing the executor's deed without Doreen's attorney's signature and because Queens Surrogate's Court Judge Peter J. Kelly never issued an Order transferring said trust property to Doreen and as a result, I'm claiming damages for Doreen and Mr. Maimone's badges of fraud. Judge Donnelly's violation of the Mandate rule greatly prejudiced me because my claim of fraudulent representation was not the issue that Judge Donnelly ruled on when she dismissed my amended Complaint with prejudice.

### THIRD ISSUE PRESENTED FOR REVIEW

50.    Judge Donnelly's newly framed issues of whether the Whitestone Trust Property extinguished upon my father's death and vested in Doreen were not in my pleadings. Judge Donnelly relies on articles of trust instruments in case

laws, which are vastly different than my parents' irrevocable trust. Judge Donnelly misapplied the *Olivieri v. Olivieri* case and failed to give full context, as she states: *"In other words, "upon termination of a trust, title to any real property held by the trust is immediately vested in the beneficiaries."* (Dist. Ct. Doc. No. 89 pg. 6). The aforementioned statement from Judge Donnelly's order is originally from the *Miller et. al. v. Hale* appeals case. This case was about the sixth clause of Justus Miller's Will, in which Miller provided that the residue of his estate should be held in trust. This case is a misapplication because my case is not about a testamentary trust that was created by a Will. In addition, my pleadings contain the parents irrevocable trust and Judge Donnelly took judicial notice of said trust in her order, but she ignored the dominate Article Nineteenth in said irrevocable trust which states: ***"Any other provision of this Trust notwithstanding, all trusts created hereunder shall terminate no later than twenty-one (21) years after the death of all issue of the Grantors living on the date of this Trust Agreement and, if any trust shall terminate, all property then comprising the income or principal of each such trust shall be distributed to the person or persons to whom the principal or income would have been payable had the trust, by its terms, terminated at the time of termination set forth in this ARTICLE NINETEENTH."***

My father Alfred S. Pelczar and my mother Josesphine C. Pelczar were the Grantors and Doreen and I are their issues. Both Doreen and I were alive

when said trust was created on March 19, 1997, as my signature is on said trust instrument. Also, Doreen and I are, fortunately, still alive. Therefore, Judge Donnelly erred in stating that my parents' irrevocable trust terminated when my father died.

51.   This Honorable Court has held that Rule 9(b) requires fraud complaints to allege facts that lead to a "strong inference" that the defendant has the requisite state of mind. *See, e.g., IKB Int'l S.A. v. Bank of Am. Corp.,* 584 F. App' x 26, 27 (2d Cir. 2014) ("We have repeatedly required plaintiffs to plead the factual basis which gives rise to a strong inference of fraudulent intent."). The facts alleged in my amended Complaint clearly establish a scheme of intent to defraud me out of the Whitestone Trust Property. My alleged facts presented several badges of fraud such as (1) a close relationship between Mr. Maimone and Doreen; (2) the retention of possession, benefit and use of the Whitestone Trust Property; and (3) the general chronology of the events and transactions under inquiry.

In my amended Complaint, I allege that because Mr. Maimone drafted both of my father's Wills he had to recuse himself (Dist. Ct. Doc. No 44 pg. 7 of Am. Comp.). Mr. Maimone, however, in his answer to my amended Complaint denied said allegation, as he stated: ***"…Defendants deny each and every allegation set forth in paragraph "31"…"***
New York Rules of Professional Conduct Rule 3.7(a) states: ***"A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely***

*to be a witness on a significant issue of fact...*" Mr. Maimone drafted the Will, which were significant issues of fact and, as a result, he was obligated to recuse himself. I reasonably relied on him doing that. Even Judge Donnelly knew this as she stated in one of her previous Orders that this Honorable Court vacated: *"Louis M. Laurino represented Ms. Pelczar in the probate action after Mr. Maimone recused himself."* (Dist. Ct. Doc. No. 24 pg. 2 footnote). My facts further support the close relationship between Mr. Maimone and Doreen when Mr. Maimone came back into the picture with the Asset Inventory transactions application, which connects us to the other badges of fraud.

The requisite badges of fraud in my amended pleadings that Doreen and Mr. Maimone used to represent the Whitestone Trust Property as estate property were the Petition for Probate, Notice of Probate, Executor's Deed, Asset Inventory document, and the property transfer report (Dist. Ct. Doc. No. 44 Exhibits 11, 12, 23, 25) respectively. This Honorable Court stated the following: **"The transfer of property by the debtor to his spouse while insolvent, while retaining the use and enjoyment of the property, is a classic badge of fraud. *See, e.g., In re Cadarette,* <u>601 F.2d 648, 651</u> ."** (2d Cir. 1979). We can apply the facts of *In re Cadarette* because Doreen with the help of Mr. Maimone fraudulently transferred the Whitestone Trust Property to Doreen or the use and enjoyment of said Trust Property. Again, the final badge of fraud that Doreen and Mr. Maimone filed was the Asset Inventory

document. That document has Mr. Maimone's signature on it and has $168,000 dollars in Merrill Lynch stocks, $65,000 dollars in Con. Edison stocks, $63,000 dollars in my parents jointly owned bank account, and $669,000 dollars Power of Appointment (Dist. Ct. Doc. No. 44 Exhibit 23). Judge Donnelly ruled that I met the elements of fraud in her Order denying Doreen and Mr. Maimone's motion to dismiss under 12(b)(6), and stated the following regarding the requisite badges of fraud that I detail in my amended pleadings: ***"The lawyer defendants cite no authority for their position that filing an allegedly fraudulent inventory of estate assets—one that includes the Whitestone property and lists Mr. Maimone as the executor's lawyer—cannot establish intent to defraud; nor do they clarify how their duty to represent Ms. Pelczar means that they could not have defrauded the plaintiff."*** *See Selimovic v. S. Side Assocs. LLC*, No. 16-CV-298, 2020 WL 2522117, at *3 (E.D.N.Y. May 18, 2020). To state a claim for common law fraud under New York, a plaintiff must allege "(1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff." *Haggerty v. Ciarelli & Dempsey*, 374 F. App'x 92, 94 (2d Cir. 2010) (quoting *Schaifer Nance & Co. v. Estate of Warhol*, 119 F. 3d 91, 98 (2d Cir. 1997). Both Doreen and Mr. Maimone knew that the Whitestone Trust Property that they represented as estate property was false; knew that they were defrauding me because I was

listed as the owner on New York State property tax records and assessment rolls; and it was reasonable for me to rely on Mr. Maimone's statements to me and Surrogate Judge Peter J. Kelly that he must recuse himself pursuant to Rules of Professional Conduct Rule 3.7; it was also reasonable for me to rely on Doreen's October 8, 2015 statements: ***"...this Court never made a determination as to the validity of the exercise of the Power of Appointment, and such a determination, or lack thereof, would have no impact in deciding the validity of the propounded instrument."*** (Dist. Ct. Doc. No. 44 pg.8). The propounded instrument was my father's Will. I was shocked when after Doreen fraudulently transferred the Whitestone Trust Property to herself without a Court Order from Judge Peter J. Kelly and dazed and confused when Mr. Maimone returned with the Inventory Asset document with his name on it as Doreen's lawyer, which caused great damaged to me.

Mr. Maimone now wants this Honorable Court to forget about the badges of fraud that he and Doreen perpetrated in Queens Surrogates Court, and accept his new "innocent mistake" defense. In his Rule 12(c) motion, Mr. Maimone states: "It is undisputed that Alfred exercised this power in Article IV of his *duly probated* will in favor of "one" beneficiary (Doreen)..." (Dist. Ct. Doc. No. 79 pg.6). The "power" that Mr. Maimone referred to was a Power of Appointment. Mr. Maimone continues to misrepresent facts because I clearly disputed the issue of Power of Appointment in my amended pleadings, as I state: "...the Internal Revenue Service, Department of Treasury,

Subchapter B. Estate and Gift Taxes Title 26 Section 25.2511-2, *Cessation of donor's dominion and control,* states: *'As to any property, or part thereof or interest therein, of which the donor has so parted with dominion and control as to leave him no power to change its disposition, whether for his own benefit or for the benefit of another, the gift is complete...'* (Dist. Ct. Doc. No. 44 pg. 15). In addition, the New York Estates, Powers and Trusts Law (EPTL) section 10-6.7, which states: *"Whenever a power of appointment...is created in two or more donees, <u>all must unite in its exercise,</u> unless the instrument creating such power provides otherwise...But, if before its execution, one or more of such donees dies or becomes incompetent, such power may be exercised by the survivor or the competent donee, unless such exercise is explicitly barred by the terms of the instrument creating such power."* Neither did my mother or father die before executing their irrevocable trust instrument, as they both signed said irrevocable trust instrument on March 19, 1997. (See Dist. Ct. Doc. No. 44 Exhibit 2 pg. 17 and 20). Thus, pursuant to the aforementioned Internal Revenue Service, Department of Treasury, Subchapter B. Estate and Gift Taxes Title 26 Section 25.2511-2 and the New York Estates, Powers and Trusts Law (EPTL) section 10-6.7 my father's alleged power of appointment was never exercised in Queens Surrogates Court. Moreover, in Mr. Maimone's answer to my amended Complaint regarding Power of Appointment, he states: *"Answering Defendants deny knowledge or information sufficient to form a belief as to*

*the truth of the allegation set forth in paragraph "61" of the Compliant..."Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "62" of the Compliant."* (Dist. Ct. Doc. No. 76 pg. 8).

Thus, this material fact regarding "Powers of Appointment" was disputed. This is vital because Mr. Maimone wants this Honorable Court to forget about the badges of fraud chain. To that end, Mr. Maimone states: *"There remains an issue that the Maimone Defendants would wish to clarify, to wit, that they had previously mistakenly asserted that the Trust remainder became part of Alfred's estate when he exercised the power by his Will. To correct the record, the law provides that the exercise of a power of appointment by will gives no testamentary character to the disposition of the trust, as the trust assets are not the property of the decedent..."* (Dist. Ct. Doc. No. 79 pg. 7).

First, Mr. Maimone contradicts himself in his Rule 12(c) motion because on page 6 of said motion he stated: *"It is undisputed that Alfred exercised this power in Article IV of his duly probated will in favor of "one" beneficiary (Doreen)..."* (Dist. Ct. Doc. No. 79 pg.6). According to this statement by Mr. Maimone, my father's power of appointment was exercised in the Queens Surrogates Court because my father's Will was "duly probated." Now Mr. Maimone, fully aware that Queens Surrogates Court Judge Peter J. Kelly never issued an ordered transferring the Whitestone Trust Property to Doreen via a power of appointment, must take the focus off of his requisite badges of

fraud and wants this Honorable Court to buy his "innocent mistake" excuse the same way Judge Donnelly bought it. Mr. Maimone did not just *previously mistakenly asserted that the Trust remainder became part of Alfred's estate."* On the contrary, Mr. Maimone devised a scheme by using badges of fraud to deceive the Queens Surrogates Court for a benefit, all conducted under the table, as he never filed a required Final Accounting for his fees and never received a Final Order from Judge Peter J. Kelly. These badges of fraud are still on the record, such as the Executor's Deed that has the Queens Surrogates Court case number on it, and it has my father's estate listed as the Grantor and as the party of the first part and Doreen listed as the party of the second part (Dist. Ct. Doc. No. 44 Exhibit 26). Thus, the notion that Doreen owned it by an "operation of law" the day my father died is meritless. If that was factual, then Mr. Maimone would have corrected his "mistake" and removed the Executor's Deed cloud and placed it in Doreen's personal name, as Recorded Titles are proof of ownership in the State of New York.

**"Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which could entitle the plaintiff to relief, the court cannot grant a defendant's motion for judgment on the pleadings."** *Sheppard v. Beerman,* 18 F.3d 147, 150 (2c Cir. 1994). Thus, Judge Donnelly erred in ruling that my claim to the Whitestone Trust Property extinguished when my father died and because I failed to demonstrate a plausible claim for reliance.

## FOURTH ISSUE PRESENTED FOR REVIEW

52.     In Doreen's answer to my amended Complaint she denied all material facts (Dist. Ct. Doc. No. 74). Judgement on the pleadings is appropriate <u>only</u> where all material facts are undisputed and "a judgment on the merits is possible merely by considering the contents of the pleadings." *See Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir. 1988). Judge Donnelly stated in her Order: ***"...all defendants filed their respective motions for judgment on the pleadings on February 9 and 10, 2022."*** (Dist. Ct. Doc. No. 89 pg. 3). Judge Donnelly's aforementioned statement in her Order is patently false because Doreen filed a defective, incomplete motion. Local Rule 7.1 states:     **"(a)...all motions shall include the following motion papers:**

**(1) A notice of motion...which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion.**

**(2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined..."**

Doreen's lawyer, Max Leifer, states on the first page of his notice of motion: ***"PLEASE TAKE NOTICE that upon the...annexed memorandum of law of Max Leifer, Esq., dated February 8, 2023, and the papers annexed thereto, the undersigned hereby moves this Court...for an order pursuant to Rule***

*12(c) of the Federal Rules of Civil Procedure…"* (Dist. Ct. Doc. No. 80). Doreen's memorandum of law was not annexed as presented to Judge Donnelly's Court, yet Judge Donnelly in her order stated that *"…all defendants filed their respective motions for judgment on the pleadings on February 9 and 10, 2022."* (Dist. Ct. Doc. No. 89 pg. 3).

On a 12(c) motion, the court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009). Doreen's defective, incomplete Rule 12(c) motion was devoid of a memorandum of law, making it impossible for Judge Donnelly to consider Doreen's pleading. Not only did Judge Donnelly rule in favor of a defendant who denied all issues of material facts in her answer to my amended Complaint, but Judge Donnelly ruled in favor of Doreen's 12(c) motion even though she never filed complete one for Judge Donnelly to consider. Judge Donnelly decided to ignore this Honorable Court's binding case law regarding what a district court judge must consider before ruling on a 12(c) motion. Therefore, Judge Donnelly erred in ruling in favor of Doreen, when Doreen never filed a Rule 12(c) motion.

## FIFTH ISSUE PRESENTED FOR REVIEW

53.     On August 4, 3032, Judge Donnelly issued a scheduling order that stated: *"The plaintiff is directed to file a letter by August 11, 2023, not to exceed two pages, clearly articulating the damages he sustained as a result*

*of the defendants' alleged misrepresentations."* (Dist. Ct. Doc. Date August 4, 2023). Because Judge Donnelly limited me to only 2 pages, I referenced one of the badges of fraud, the Asset-Inventory document. (Dist. Ct. Doc. No 44 Ex. 23). The Asset-Inventory document lists the $168,000 dollars in Merrill Lynch stocks; $65,000 dollars in Con. Edison stocks; $63,000 dollars in my parents jointly owned bank account; and $669,000 dollars Power of Appointment. These dollar amounts represent the badges of fraud regarding the general chronology of the events and transactions under inquiry, with the end result of a benefit of a total of $965,000 dollars without a court order as represented by Doreen and Mr. Maimone. This Honorable Court stated the following: **"Fraudulent intent is rarely susceptible to direct proof."** *In re Saphire,* 139 F.2d 34, 35 (2d Cir. 1943). Therefore, courts have developed "badges of fraud" to establish the requisite actual intent to defraud. *In re Freudmann,* 362 F.Supp. 429, 433 (S.D.N.Y. 1973), *aff'd,* 495 F.2d 816 (2d Cir. 1974). In order for Doreen to access the aforementioned stock amounts and the funds in my parents jointly-owned bank account without a court order, the evidence strongly suggests that Mr. Maimone assisted Doreen in accessing said funds. These are questions of facts that must be unveiled during discovery. Judge Donnelly misapplies the *Passiglia v. Northwell Health Inc.* to the facts in my amended Complaint, as she states in her order: *"The plaintiff does not...clarify how his damages are related to the alleged misrepresentations. Accordingly, dismissal is also warranted on this ground."* (Dist. Ct. Doc. No.

89 pg. 9).The court in *Passiglia* stated: "Where, as here, a plaintiff claims only mental or emotional injuries, or damages that are remote, speculative or undeterminable, or not independent of other causes, the complaint fails to state a plausible fraud claim under New York law." *See Passiglia v. Northwell Health Inc.,* 252 F. Supp. 3d 129 (E.D.N.Y. 2017).

I clearly stated what tangible losses occurred as a proximate cause of Doreen and Mr. Maimone's conduct: ***"When Doreen stated: '…this court never made a determination as to the validity of the exercise of the Power of Appointment…' I relied on said statement and never imagined that Doreen would be able to defraud me out of my property by presenting the Whitestone Trust Property as my father's Estate Property, without any Orders/Decrees from Judge Kelly."*** (Dist. Ct. Doc. No. 44 pg. 21). In addition, I stated the following: ***"Mr. Maimone's fraudulent acts were willful with the intent to defraud me out of the Whitestone Property and out of the non-probate assets listed on the List of Asset-Inventory document…"*** (Dist. Ct. Doc. No. 44 pg. 19 line 75). My damages as a proximate cause of Doreen and Mr. Maimone's conduct are neither undeterminable nor speculative. If Judge Donnelly wanted me to use more accurate wording, etc. regarding my damages claim that is easily rectifiable by giving me a chance to amend. However, to dismiss my complaint on this ground was not justifiable. As a result, not only did Judge Donnelly err in dismissing my amended Complaint on this ground, but her ruling in favor of the Appellees will negatively

influence the public by allowing them to violate Federal Rules of Civil Procedure under 12(c) and get away with deceiving a tribunal to gain hundreds of thousands of dollars in stocks and irrevocable trust real property without a court order or your attorney of record's signature on any requisite badge of fraud document..

## CONCLUSION

For the foregoing reasons, this Honorable Court should determine that Mr. Maimone and Doreen have failed to show that no material issue of facts exists, as Doreen and Mr. Maimone denied all issues of material facts in my amended Complaint. As a result, this Honorable Court should vacate the District Court's order dismissing my amended Complaint, and remand for further proceedings so that the parties can conduct discovery .

Date: _26 Dec 23_

_____
Signature

JAmes F. PelczAR
_____
Printed Name

7415 Holly Lake Lane
New Port Richey, FL 34653
Telephone: 352-238-6012

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 32(a)(7)(C), the undersigned certifies that this brief complies with the type-volume limitation of Rule 32(a)(7)(B). As measured by the word count provided by Microsoft Word 2010, the pertinent parts of this brief contains 8,535 words in Times New Roman 14 point font.

Date: 26 Dec 2023

Signature

James F. Peircead

Printed Name